IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. COPELAND, *et al.* | ) | CASE NO. 5:10CV2704 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| ATTORNEY STEIN | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiffs *pro se* Charles D. Copeland and David A. Copeland filed this action against Attorney Stein, who apparently was the attorney involved in an estate in which they are beneficiaries. They have not indicated the basis of this Court's jurisdiction. The Complaint begins, "[t]his issue is dealing with a probate case in Summit County...." Plaintiffs seem to be complaining about a breach of fiduciary duty.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)(quoting Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the

reasons stated below, this action is dismissed.

A federal court has no jurisdiction to entertain an action that would interfere with probate proceedings pending in a state court or with property controlled by a state probate court. *Howard v. Brown*, 738 F.Supp. 508, 510 (S.D. Ga., 1988) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). *See Junco Mulet v. Junco De La Fuente*, 228 F.Supp.2d 12, 15 (D.Puerto Rico, 2002). The Supreme Court has held that federal courts have no jurisdiction to probate a will or administer an estate. *Markham v. Allen,* 326 U.S. 490, 494 (1946). While not all claims that relate to probate matters,are excluded from federal courts' jurisdiction, *Bortz v. DeGolyer*, 904 F.Supp. 680, 683 (S.D.Ohio,1995), "[t]he equity jurisdiction of the courts does not extend to claims requiring (1) interference with probate proceedings, (2) assumption of general jurisdiction over probate, or (3) assumption of control over property in the custody of a state court." *Salmon v. Old Nat. Bank*, 2008 WL 4876685, at *4 (W.D.Ky., Nov. 12, 2008) (quoting *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 847 (6th Cir. 2006). For example, claims for breach of fiduciary duty on the part of an executor or administrator are within the exclusive jurisdiction of the Ohio probate court. *Bortz,* 904 F.Supp. at 684 (citing *Bedo v. McGuire,* 767 F.2d 305, 306 (6th Cir.1985). The same reasoning applies to the attorney representing an estate. To the extent that this may be construed as such a probate action, this Court has no jurisdiction to hear it.

Moreover, there is no other basis for this Court's jurisdiction. Plaintiffs and the Defendant are Ohio residents. 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
>
> > (1) citizens of different states;...

As long as a citizen of Ohio is a plaintiff and a defendant, diversity is impossible.

Plaintiffs also do not have a cause of action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a State or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588, at * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). An attorney is a private party and could not have been acting under color of State law.

Accordingly, this action is dismissed.

IT IS SO ORDERED.

Date: January 28, 2010    /s/ John R. Adams
   JUDGE JOHN R. ADAMS
   UNITED STATES DISTRICT JUDGE

3